**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LABORERS LOCAL UNION 158, et al.,** | : | |
| **Plaintiffs** | : | **No. 1:16-cv-00843** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **ON-CALL FLAGGING, INC., et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the Court is Plaintiffs' motion for default judgment. (Doc. No. 9.) As Defendants have yet to appear or defend in this action, no opposition to the motion has been filed. For the reasons that follow, the Court will grant the motion and enter default judgment in favor of Plaintiffs.

## I. BACKGROUND

On May 11, 2016, Plaintiffs Laborers Local Union 158, Laborers Local Union 158 Pension Fund, and Laborers Local Union 158 Health and Welfare Fund initiated the above-captioned action by filing a four-count complaint against Defendants On-Call Flagging, Inc. ("On-Call Flagging"), and Kathleen Jennings ("Jennings"), pursuant to Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185, Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(d), and the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. § 260. (Doc. No. 1.)

The complaint alleges as follows. Plaintiff Laborers Local Union 158 ("LLU 158") is an "employee organization" as defined by 29 U.S.C. § 1002(4) of ERISA. (Id. ¶ 2.) Plaintiffs Laborers Local Union 158 Pension Fund ("Pension Fund"), and Laborers Local Union 158 Health and Welfare Fund ("Health and Welfare Fund") (collectively referred to herein as the

"Funds"), are employee benefit plans within the meaning of 29 U.S.C. § 1002(3) of ERISA. (Id. ¶ 3.) On-Call Flagging is an "employer" within the meaning of 29 U.S.C. § 1002(5) of ERISA. (Id. ¶ 5.) Plaintiffs aver that On-Call Flagging is a signatory to a collective bargaining agreement with LLU 158. (Id. ¶ 7.) Pursuant to the terms of the collective bargaining agreement, On-Call Flagging agreed to pay certain sums to each of the Funds based on the hours worked by employee-members of the bargaining unit represented by LLU 158. (Id. ¶ 8.) Moreover, the collective bargaining agreement requires On-Call Flagging to pay liquidated damages and interest in the event that it fails to make timely contributions. (Id. ¶ 12.) Plaintiffs claim that On-Call Flagging failed to contribute $12,469.45 to the Health and Welfare Fund and $11,152.80 to the Pension Fund for work performed by its employees for the month of October 2015, in breach of the governing collective bargaining agreement. (Id. ¶ 11.) Moreover, Plaintiffs allege that On-Call Flagging failed to remit to the Funds liquidated damages, penalties, attorney's fees, and interest. (Id. ¶ 12.) Plaintiffs seek to recover all unpaid contributions, assessed interest and penalties on such unpaid contributions, and attorney's fees and costs in the amount of $30,560.07.

A review of the docket reveals that on June 28, 2016, Jennings, in her capacity as president of On-Call Flagging, waived service of the summons and complaint on behalf of herself and On-Call Flagging. (Doc. No. 4.) Despite executing a formal waiver of service, Defendants subsequently failed to timely appear, answer, move, or otherwise respond to Plaintiffs' complaint. As a result, Plaintiffs requested the Clerk of Court to enter default against Defendants pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 6.) On August 19, 2016, the Clerk entered default against Defendants for failure to plead or otherwise defend in the

above-captioned action. (Doc. No. 8.) On August 30, 2016, Plaintiffs filed a motion for default judgment under Federal Rule of Civil Procedure 55(b)(2), together with a brief in support thereto. (Doc. Nos. 9, 10.) In addition to filing the motion and supporting brief, Plaintiffs produced a number of exhibits, including the affidavits of John B. Dougherty and Paul Desanto, copies of the relevant contractual provisions governing this dispute,[1] and an itemized report of the amounts owed. (Doc. Nos. 9-1, 10-1.) Plaintiffs also certified that copies of the motion for default judgment were mailed to Jennings at her last known address in Belsano, Pennsylvania. (Doc. No. 9-2 at 1.)

As Defendants have not responded to the pending motion for default judgment, the Court deems Plaintiffs' motion for default judgment unopposed. Accordingly, this matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Default judgments are governed by a two-step process set forth under Rule 55 of the Federal Rules of Civil Procedure. An entry of default by the clerk of court under Rule 55(a) is a prerequisite to a later entry of a default judgment under Rule 55(b). 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (3d ed. 2007) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). Once the clerk of court has entered a default, the party seeking the default may then move for the court to enter a default judgment under Rule 55(b)(2). Entry of default does not entitle a claimant to default judgment as a matter of right. 10 James Wm. Moore

[1] Specifically, Plaintiffs have attached to their supporting brief copies of the Independent Heavy, Highway, Utility and/or Railroad Construction Agreement (Doc. No. 10-1 at 6), the Health and Welfare Fund Amended and Restated Health and Welfare Plan Trust Agreement (Doc. No. 10-1 at 18), and Collections Policy Addendum (Doc. No. 10-1 at 23).

et al., Moore's Federal Practice § 55.31 (Matthew Bender ed. 2010). Indeed, it is well settled that decisions relating to the entry of default judgments are committed to the sound discretion of the district court. Emcasco Ins. Co.v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).

Three factors control the exercise of the district court's discretion in assessing whether default judgment should be granted following the entry of default: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)). If the defendant has been properly served but fails to appear, plead, or defend an action, a court may "enter a default judgment based solely on the fact that the default occurred," without considering the Chamberlain factors. Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

"A finding that default judgment is appropriate, however, is not the end of the inquiry." Martin v. Nat'l Check Recovery Servs., LLC, No. 12-1230, 2016 WL 3670849, at *1 (M.D. Pa. July 11, 2016). Prior to entering a default judgment, the Court must also determine whether the "unchallenged facts constitute a legitimate cause of action." Wright et al., supra, at § 2688; Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd., 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008) ("Consequently, before granting a default judgment, the Court must . . . ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.") (citations omitted). In conducting this inquiry, "the well-pleaded, factual allegations of the complaint . . . are accepted as true and treated as though they were established by proof." E. Elec. Corp. of N.J. v. Shoemaker Const. Co., 652 F. Supp.

2d 599, 605 (E.D. Pa. 2009) (citation omitted). However, while the Court must accept as true the well-pleaded factual allegations of the complaint, the Court need not accept the moving party's factual allegations or legal conclusions relating to the amount of damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

**III. DISCUSSION**

Having reviewed the record, including Plaintiffs' complaint, motion, supporting brief, and accompanying affidavits, the Court finds that entry of default judgment against Defendants and in favor of Plaintiffs is appropriate. As an initial matter, the Court observes that Plaintiffs' unchallenged allegations in the complaint, taken as true, sufficiently state causes of action under, inter alia, ERISA and the PWPCL. Specifically, Section 502 of ERISA, 29 U.S.C. § 1132(g)(2), permits a "fiduciary for or on behalf of a plan to enforce [29 U.S.C. §] 1145 . . . in which a judgment in favor of the plan is awarded." 29 U.S.C. § 1145 provides that "[e]very employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Where entry of default judgment in favor of the plan fiduciary is appropriate, Section 502(g)(2) instructs the court to award: (1) unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages; (4) reasonable attorney's fees and costs; and (5) such other relief as the court deems warranted. 29 U.S.C. § 1132 (g)(2).

Similarly, the PWPCL authorizes unions to institute suit against employers to recover delinquent benefit fund contributions, liquidated damages, and reasonable attorney's fees. 43 P.S. §§ 260.a(a)-(f) ("Any employe[e] or group of employe[e]s, labor organization or party to

whom any type of wages is payable may institute actions provided under this act . . . to recover unpaid wages and liquidated damages . . . in addition to reasonable attorney['s]fees.”). Accordingly, the Court finds that the complaint asserts a legitimate cause of action against Defendants, as it sufficiently alleges Plaintiffs' entitlement to the aforementioned relief as authorized by ERISA and the PWPCL as a result of Defendants' failure to make the required contributions to the Funds for the month of October 2015.

Furthermore, the Court finds that the three Chamberlain factors weigh in favor of entering default judgment against Defendants. First, Plaintiffs will be prejudiced if the Court declines to enter default judgment, as Plaintiffs are unable to proceed with the action due to Defendants' failure to respond and have no other means of recovering against Defendants. See Broad. Music, Inc. v. Kujo Long, LLC, No. 14-449, 2014 WL 4059711, at *2 (M.D. Pa. Aug. 14, 2014) (“Plaintiffs will be prejudiced . . . by their current inability to proceed with their action due to Defendants' failure to defend.”). Second, Defendants have not asserted any meritorious defenses to Plaintiffs' claims through the filing of an answer or other responsive pleading to the complaint, or through the filing of a response to the instant motion. Consequently, the Court is unable to conclude from Defendants' silence that Defendants have a viable, litigable defense. See Laborers Local Union 158 v. Fred Shaffer Concrete, No.10-1524, 2011 WL 1397107, at *2 (M.D. Pa. Apr. 13, 2011) (Kane, J.). Third, the Court cannot discern from the record any excuse or justification for Defendants' default apart from Defendants own culpability. Indeed, despite signing the waiver of service of summons, which was received and docketed by this Court on July 7, 2016, Defendants have failed to enter an appearance or file a timely answer to the complaint and have offered no reasons for its failure to do so. “A defendant's default, or its

decision not to defend against allegations in a complaint, may be grounds for concluding that the defendant's actions are willfull." Innovative Office Prods., Inc. v. Amazon.com, Inc., No. 10–4487, 2012 WL 1466512, at *3 (E.D. Pa. Apr. 26, 2012). In the absence of any excuse or justification for Defendants' failure to participate in this litigation, the Court must conclude that the delay is the result of Defendants' culpable conduct. See Laborers Local Union 158, 2011 WL 1397107, at *2. Accordingly, the Court is satisfied that the Chamberlain factors counsel in favor of entering default judgment in favor of Plaintiffs, and thus, will grant Plaintiffs' motion for default judgment.

As a final matter, the Court must resolve Plaintiffs' request for unpaid benefit fund contributions, liquidated damages, interest, and attorney's fees and costs. With respect to Plaintiffs' claim for unpaid fund contributions, liquidated damages and interest, Plaintiffs maintain that Defendants failed to remit benefit fund contributions, liquidated damages, and interest to the Funds in the amount of $30,560.07, which includes: $12,469.45 in delinquent contributions owed to the Health and Welfare fund; $1,168.37 in interest owed to the Health and Welfare Fund; $2,493.89 in liquidated damages owed to the Health and Welfare Fund; $11,152.80 in delinquent contributions owed to the Pension Fund; $1,045.56 in interest owed to the Pension Fund; and $2,230.56 in liquidated damages owed to the Pension Fund. The total interest is calculated at a rate of ten percent (10%) per annum in accordance with the collective bargaining agreement. (Doc. No. 10-1 at 10.) The liquidated damages amount totals twenty percent (20%) of the assessed delinquent contributions to the Funds pursuant to the Collections Policy Addendum to the collective bargaining agreement. (Id. at 23 ¶ 4(c)) ("If legal action is deemed necessary, liquidated damages shall be increased to twenty percent (20%) of the amount

of the delinquent contributions or other remittances . . . ."). In support of Plaintiffs' request for damages, Plaintiffs have produced copies of the relevant provisions of the collective bargaining agreement (Doc. No. 10-1 at 6), an itemized report of the interest and liquidated damages calculation for the Funds (Doc. No. 10-1 at 15), as well as the affidavit of Paul Desanto, the Plan Administrator of the Funds (Doc. No. 10-1 at 2), who attests to Defendants' delinquency in remitting contributions to the Funds for the month of October 2015 as required by the governing agreement. Having considered these submissions, the Court finds that Plaintiffs are entitled to recover $30,560.07, inclusive of the unpaid benefit fund contributions, liquidated damages, and interest.

With respect to Plaintiffs' request for attorney's fees and costs, Plaintiffs submit that they are entitled to $1,400.00 in attorney's fees and $413.92 in costs, which includes $13.92 in certified mailings of the complaint. 29 U.S.C. § 1132(g)(2) instructs that the Court must award the Funds reasonable attorney's fees and costs of the action, to be paid by the defendant. 29 U.S.C. § 1132(g)(2). 28 U.S.C. § 1920 specifies the costs that are recoverable under 29 U.S.C. § 1132(g)(2), which includes filing fees. In support of their request for attorney's fees and costs, Plaintiffs attach to their motion for default judgment the affidavit of John B. Dougherty, Esquire, counsel of record for Plaintiffs, who confirms that the attorney's fee calculation is based on approximately seven hours of legal preparation at the prevailing rate in the community for similar services by attorneys of reasonably comparable skill, experience, and reputation of $200.00 per hour. (Doc. Nos. 9-1, 10 at 5.) Plaintiffs also submit Mr. Dougherty's time records, which detail the nature of the legal work he performed in connection with this litigation. (Doc. No. 9-1 at 5.) The Court finds that Plaintiffs have submitted adequate support for their request

for attorney's fees and costs, and thus are entitled to the proposed award of $1,813.92. See Einhorn v. Connor, No. 15-5910, 2016 WL 3919660, at *3 (D.N.J. July 19, 2016).

## IV. CONCLUSION

Based on the foregoing, the Court will grant Plaintiffs' motion for default judgment. (Doc. No. 9.) An appropriate Order follows.